**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| KINGVISION PAY PER VIEW, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. |
| : | 1:05-CV-2391-RWS |
| THIAF, INC., et al., : | |
| : | |
| Defendants. : | |

ORDER

This case is before the Court for consideration of Plaintiff's Motion for Summary Judgment [11]. The Motion is unopposed. After reviewing the entire record, the Court finds that Plaintiff is entitled to summary judgment in its favor.

**FACTUAL BACKGROUND**[1]

On September 14, 2005, KingVision Pay Per View Corporation, Ltd. ("KingVision") filed this action against Defendants, Thiaf, Inc., d/b/a/ The Rim and Patricia Culbreath. Defendants were served and filed an answer on October 13, 2005. After Defendants answered the Complaint, KingVision propounded

---

[1] The Factual Background is taken from Plaintiff's unopposed brief and the Request for Admissions to which Defendants never responded, and which are, therefore, deemed admitted.

AO 72A
(Rev.8/82)

discovery requests to Defendants, including Requests to Admit.  Defendants failed to respond to Plaintiff's Requests to Admit.  Therefore, the Requests are deemed admitted.

KingVision was granted the exclusive right to exhibit and sublicense the right to further exhibit the closed-circuit telecast of the November 13, 2004 championship boxing match between John Ruiz and Andrew Golota, from Madison Square Garden in New York, including undercard or preliminary bouts ("the Event").  In the state of Georgia, the Event was legally available to commercial establishments only through a contractor agreement with KingVision, which had exclusive rights on the broadcast of the Event.

In order to safeguard against the unauthorized interception or receipt of the Event, the interstate transmission of the Event was electronically coded or scrambled and was not available to or intended for the use of the general public. If a commercial establishment was authorized by KingVision to receive the event, the establishment was provided with the electronic decoding equipment and the satellite coordinates necessary to receive the signal for the event.

The authorized commercial establishments which contracted with KingVision were required to pay to KingVision a sublicense fee to receive the

event.  In addition, these establishments were contractually required to charge their patrons an admission fee for attending the exhibition of the event.

On November 13, 2004, without authorization, Defendants intercepted and received or assisted in the interception and receipt of the transmission of the event and broadcast or assisted in the broadcast of the event to the patrons of the Defendants' establishment.  On the night of the Event, an investigator observed the Event being telecast to the patrons of Defendants' establishment.

## DISCUSSION

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  The court should view the evidence and any inferences that may be drawn in the light most favorable to the non-movant.  Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-59, 90 S. Ct. 1598, 26 L. Ed. 2d 142 (1970). The party seeking summary judgment must first identify grounds that show the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323-24, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).  The burden then shifts to the non-movant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist.  Anderson v.

3

Liberty Lobby, Inc., 477 U.S. 242, 257, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

Even if a motion for summary judgment is unopposed, the movant must nevertheless show it is entitled to judgment on the merits, based on evidentiary materials in the record.  See Dunlap v. Transam. Occidential Life Ins. Co., 858 F.2d 629, 632 (11th Cir. 1988) (district court did not err in treating motion for summary judgment as unopposed where it considered the merits of the motion). The district court "need not sua sponte review all of the evidentiary materials on file at the time the motion is granted," but it must at least review all those submitted in support of the summary judgment motion. United States v. 5800 S.W. 74th Ave., 363 F.3d 1099, 1101 (11th Cir. 2004).  A district court's order granting an unopposed motion for summary judgment must indicate that the merits were considered.  Id. at 1102.

Based on the evidence in the record, Defendants' actions constitute an unauthorized reception, interception, and willful public exhibition of the Event in violation of provisions of the Cable Communications Policy Act of 1984, 47 U.S.C. §§ 553 and 605, as amended (the "Act").  The Act includes penalties, both civil and criminal for those individuals or entities that intercept, receive, and/or exhibit protected communications.  A party whose rights under Section

4

605 of the Act have been violated may recover statutory damages of not more than $10,000 for each violation thereof.  Moreover, if the Court finds the Defendants violations of the Act were committed "willfully and for purposes of direct or indirect commercial advantage or private financial gain," the Court may award additional damages of up to $100,000 for each violation.  47 U.S.C. § 605(e)(3)(C)(i)(II) and (ii).  Section 553 of the Act provides for statutory damages of not more than $10,000 to the party aggrieved as well as statutory damages of up to $50,000 if the Court finds that the violation was committed willfully. 47 U.S.C. § 553(c)(3)(A)(ii) and (B).  In addition to damages, both Section 553 and 605 of the Act provide that a court shall award plaintiff full costs of bringing an action, including reasonable attorney's fees.  47 U.S.C. § 605(e)(3)(B)(iii) and 47 U.S.C. § 553(c)(2)(C).

KingVision has elected to recover statutory damages rather than actual damages.  The damages suffered by KingVision, including the loss of revenue, reputation, good will, and future business are numerous and difficult to calculate.  Thus, the Court finds that an award of statutory damages is appropriate.  In determining a proper statutory damage award, the Court may consider the license fee that Defendants would have paid.  The license fee for the Event was $12.50 times the maximum fire code occupancy, with the

5

minimum fee being $625.00. Defendants' establishment held at least 100 persons. Therefore, the license fee, if properly obtained prior to the event, would have been $1,250.

The Court awards statutory damages pursuant to Section 553 of $1,250. Other courts have used a multiplier in cases of willful violations. <u>Kingvision Pay-Per-View, Ltd. v. Scott E's Pub, Inc.</u>, 146 F. Supp.2d 955, 960 (E.D. Wis. 2001). Having found a willful violation on the part of Defendants, the Court will use a multiplier of 5 for willful action on the part of Defendants, yielding a total of $6,250 for Section 553 damages. The Court also awards damages pursuant to Section 605 in the amount of $1,000 multiplied by a factor of 5 for willful action, yielding a total of $5,000. Finally, the Court awards attorney's fees of $3,000 to KingVision as well as costs of this action.

## **CONCLUSION**

Based on the foregoing, KingVision's Motion for Summary Judgment [11] is hereby **GRANTED**. KingVision is awarded damages against Defendants in the total sum of $11,250, plus $3,000 in attorney's fees, plus the costs of this action.

6

SO ORDERED, this   24th   day of July, 2006.


_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE